UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRCK M. WHITE, | Case No. 2:21-cv-01102-JAM-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| PATRICK COVELLO, *et al.*, | ECF No. 2 |
| Defendants. | SCREENING ORDER THAT PLAINTIFF: |
| | (1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED, OR |
| | (2) FILE AN AMENDED COMPLAINT |
| | ECF No. 1 |
| | THIRTY-DAY DEADLINE |

Plaintiff has filed a complaint alleging that defendants violated his Eighth Amendment rights by exhibiting deliberate indifference to his serious medical needs. ECF No. 1 at 5-6. His claims are conclusory and, taken as true, do not sufficiently allege that any defendant acted with deliberate indifference. I will give plaintiff a chance to amend his complaint before recommending that this action be dismissed. I will also grant his application to proceed *in forma pauperis*. ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that defendant Weiss, a physician, discontinued his prescriptions for the drugs Gabapentin and Acyclovir, both of which help him deal with pain. ECF No. 1 at 6. He does not, however, allege what rationale underlay Weiss's decision. In grievances attached to his complaint, he alleges that Weiss had "[u]lterior motives" for discontinuing the medication, but he

2

does not elaborate. *Id.* at 17. As such, it is impossible to tell whether Weiss's allegedly erroneous decision to discontinue the medication was deliberate indifference or simple malpractice, the latter of which arises under state law and is not actionable in a section 1983 action. *See Lovell v. Poway Unified School District*, 90 F.3d 367, 370 (9th Cir. 1996) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."). Plaintiff's claims against the other defendants also fall short of deliberate indifference insofar as plaintiff alleges only that they failed to correct Weiss's decision. ECF No. 1 at 5. Absent a viable claim of deliberate indifference against Weiss, there can be no claim for deliberate indifference against these supervisory defendants.

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed for failure to state a claim.

3. Failure to comply with this order may result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    December 2, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE